## Commonwealth ex rel. Adams *v.* Stephens, Appellant.

Argued October 6, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

The facts are stated in the opinion of THOMPSON, J., of the court below, as follows:

At the suggestion of the District Attorney of this County, this Court on February 3, 1942, issued a writ of quo warranto directed to the respondent, T. W. Stephens, to show cause why he should not be ousted

from the office of Controller of the Borough of Wilkinsburg. An answer was filed and testimony taken.

From the pleadings, testimony and stipulation of counsel it appears that at the last general election on the 4th day of November, 1941 the respondent, T. W. Stephens, was elected to the office of Controller of the Borough of Wilkinsburg and has been exercising the franchise rights and duties of said office since January 5, 1942.

The Act of May 4, 1927, P. L. 519, providing for the office of Borough Controller, sets forth the following qualification for said office: "One person, who shall be a competent accountant and an elector of the Borough *for at least four years prior to his election*".

The respondent for a long period of years has been carrying on a florist business in the Borough of Wilkinsburg, and has had his place of business on Wood Street in that Borough. From the years 1920 to 1925 he was an elector of the Borough of Wilkinsburg and thereafter became a resident of Penn Township, an adjoining municipality, and resided in Penn Township with his family until this date, but notwithstanding his residence in Penn Township had been registered and had voted in the Borough of Wilkinsburg during the years 1940 and 1941 or for a period of two years prior to his election as Borough Controller.

It is contended that said T. W. Stephens is not a competent accountant as the Act requires and also was not an elector of the Borough for "four years prior to his election". We do not think that we need concern ourselves with the contention that the respondent was not a competent accountant. He had such knowledge of accounts as men engaged in managing their own business possess, and we think that this requirement of the Act was a directory and not a mandatory provision and one for the voters, themselves, to determine. In any event, in our judgment, the issue must be resolved against the respondent on the remaining ground set up in the

petition for the issuance of the writ, to wit—the question whether the respondent had been an elector of the Borough for at least four years prior to his election.

We are called upon to determine what the Legislature meant by the words "four years prior to his election". It is contended on the part of the respondent that we can go back any number of years in order to make up the four year requirement. In other words, that since the respondent was an elector of the Borough of Wilkinsburg from 1920 to 1925 that he has satisfied the requirements of the Act insofar as it relates to the four year requirement as an elector.

We are of the opinion that when the Legislature provided that the prospective officeholder shall have been "an elector of the Borough for at least four years prior to his election", it meant immediately prior to his election. Since it is conceded that the respondent was not an elector for four years immediately prior to his election, he is not entitled to hold the office of controller and must be ousted therefrom. It is conceded that the respondent has been an outstanding business man of Wilkinsburg, highly regarded in the community and has rendered very helpful public services. But, since we are obliged to follow and obey the definite requirements of the statute, we have no alternative but to render judgment against him.

Judgment entered ousting defendant from office. Defendant appealed.

*Robert W. Allison,* for appellant.

*James M. Magee,* for appellee, was not heard.

PER CURIAM, November 23, 1942:

The judgment of ouster is affirmed on the opinion of Judge THOMPSON filed April 14, 1942. Costs to be paid by appellant.