

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

January 15, 1951

Hon. Charles R. Martin
County Auditor
Harrison County
Marshall, Texas

Opinion No. V-1142

Re: Legality under nepotism statutes of continuing county employment of a brother of a newly elected County Commissioner under submitted facts.

Dear Mr. Martin:

You state that for a number of years subsequent to 1932 the County Commissioners Court employed a certain person in Precinct No. 2 as an employee in the County Road and Bridge Department. On October 21, 1948, the employee resigned his position with the Road and Bridge Department, and accepted employment in December, 1948, with the Harrison County Terracing Committee, an agency authorized by the Commissioners Court under Article 2372, V.C.S. The employee in question served continuously with the Terracing Committee from December, 1948, to June 1, 1949, when he returned to the Road and Bridge Department in Precinct No. 2. His employment in Precinct No. 2 has been continuous since the date of his return on June 1, 1949.

At the last General Election in November, 1950, the brother of the employee in question was elected County Commissioner from one of the County Precincts other than Precinct No. 2. He qualified and took office as County Commissioner on January 1, 1951.

You ask whether the retention of the county employee in question subsequent to January 1, 1951, will violate the nepotism statute (Article 432, V.P.C.).

Article 432, Vernon's Penal Code, as amended by House Bill 508, Acts 51st Leg., R.S. 1949, ch. 126, p. 227, provides:

"No officer of this State or any officer of any district, county, city, precinct, school district, or other municipal subdivision of this State, or any officer or member of any State, district, county, city, school district or other municipal board, or judge

of any court, created by or under authority of any General or Special Law of this State, or any Member of the Legislature, shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any such board, the Legislature, or court of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever; provided, that nothing herein contained shall prevent the appointment, voting for, or confirmation of any person who shall have been continuously employed in any such office, position, clerkship, employment or duty for a period of two (2) years prior to the election or appointment of the officer or member appointing, voting for, or confirming the appointment of such person to such office, position, clerkship, employment or duty."

It will be observed from the above that the retention of the employee in question after January 1, 1951, will violate the nepotism statute unless he comes within the proviso added by the 1949 amendment.

Certainly the employment of the party in question by the Harrison County Terracing Committee made him a county employee. See Article 2372c, V.C.S. Counting such employment, he has been continuously employed by the county in one capacity or another from December, 1948, to January 1, 1951, a period in excess of two years. Such continuous employment is necessary because as we construe the Act, the Legislature intended that the employment for a period of "two (2) years" be immediately prior to the critical date which brings the nepotism law into operation. The language found in the emergency clause of H.B. 508, supra, to the effect that "numerous employees . . . are required to give up such employment . . . who have continuously served the State" clearly indicates that the proviso was not intended to apply to a person not employed at the time the related official takes office and for two years immediately prior thereto.

Our conclusion with respect to the meaning of the "two year period" as used in the above statute finds support in Commonwealth ex rel. Adams v. Stephens, 345 Pa. 436, 28 A.2d 924 (1942), wherein the Court said:

"The Act . . . providing for the office . . . sets forth the following qualification for said office: 'One person who shall be a competent accountant and an elector of the borough for at least four years prior to his election'. (Court's emphasis.)

"We are called upon to determine what the Legislature meant by the words 'four years prior to his election'. It is contended on the part of the respondent that we can go back any number of years in order to make up the four year requirement. In other words, that since the respondent was an elector of the Borough of Wilkinsburg from 1920 to 1925 that he has satisfied the requirements of the Act insofar as it relates to the four year requirement as an elector.

"We are of the opinion that when the Legislature provided that the prospective officeholder shall have been 'an elector of the borough for at least four years prior to his election', it meant immediately prior to his election. Since it is conceded that the respondent was not an elector for four years immediately prior to his election, he is not entitled to hold the office of controller and must be ousted therefrom. . . ." (Emphasis added.)

The only further question to be determined is what was meant by the words "prior to the election or appointment of the officer" as used in the above proviso. If by the use of the word "election" it was intended that the two-year period would date from the time of the official's election at the polls, or from the time of the canvassing of votes by the proper officials, then obviously we do not have here a two-year period of continuous employment.

We have concluded that the word "election" as used in the above Act should be construed to mean the time of taking office, which in this instance was January 1, 1951. It is to be noted that the Act uses the words "election or appointment," and clearly the Legislature intended the critical date from which the two-year period was to be computed should be the same in the case of either an appointed official or an elected official, or it would have used language different from that found here. The caption to House Bill 508 so provides, because it is there stated that the provisions of Article 432, Penal Code, shall not apply to persons holding positions for two years "prior to the time an officer or board member related to them takes office."

You are therefore advised that the retention of the county employee in question after January 1, 1951, will not violate the nepotism law (Article 432, V.P.C.).

## SUMMARY

A person who was employed by the county at the time his brother first took office as County Commissioner on January 1, 1951, and had been continuously so employed for a period of two years immediately prior thereto, may be retained as a county employee without violating the nepotism statute (Article 432, V.P.C., as amended, Acts 51st Leg., R.S. 1949, ch. 126, p. 227).

Yours very truly,

PRICE DANIEL
Attorney General

Jesse P. Luton, Jr.
Assistant

Charles D. Mathews
First Assistant

APPROVED:

Price Daniel
Attorney General

CDM:b